[No. 32786-1-I.   Division One.   September 26, 1994.]

THE STATE OF WASHINGTON, *Appellant*, v. GORDON S. CLARK, *Respondent*.

828

*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Deputy,* for appellant.

*Lisa Ellner* and *Matthew R. Miller* of *Washington Appellate Defender Association,* for respondent.

KENNEDY, J. — The State of Washington appeals the trial court's order granting Gordon R. Clark's motion to withdraw his plea of guilty to a charge of third degree rape. The trial court determined that Clark's motion was timely and that his due process rights were violated by the court's failure to advise him, at the plea colloquy, of the registration requirements for sex offenders.[1] Clark was given written notice of

---

[1] RCW 9A.44.130 requires convicted sex offenders to register with the county sheriff within stated deadlines. RCW 10.01.200, enacted in conjunction with RCW 9A.44.130, states:

The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of RCW 9A.44.130. Such notice

the registration requirement at the time of judgment and sentence.

Although we agree with the trial court's determination that Clark's motion was timely, we conclude that Clark's due process rights were not violated by the court's failure to advise him of the registration requirement before his guilty plea was accepted. The remedy for a violation of RCW 10.01.200 is not to allow a defendant to withdraw his or her guilty plea but rather to provide actual notice of the registration requirement. Here, Clark received written notice at the time of judgment and sentence. Accordingly, we reverse and remand for reinstatement both of Clark's guilty plea and the judgment and sentence.

## FACTS

On August 23, 1990, 6 months after RCW 9A.44.130 and RCW 10.01.200 became effective, Clark pleaded guilty to a charge of third degree rape. The plea form, which was prepared by defense counsel, did not contain notice of the sex offender registration requirement. During the plea colloquy there was no mention of the registration requirement.

The Judgment and Sentence was entered on November 21, 1990. Clark signed a document entitled "Sex Offender Notice of Registration Requirements", Clerk's Papers, at 29, which was included in the Judgment and Sentence.

On November 20, 1991, 364 days after the Judgment and Sentence was entered, Clark moved to withdraw his guilty plea, contending that it was involuntary due to the failure of the trial court, his defense attorney and the prosecutor to advise him, before his guilty plea was accepted, that he would be required to register as a sex offender upon his release from prison.

The State argued that the motion was not timely and that the violation of the statutory notification requirement did not violate Clark's due process rights. The State also pointed

shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

*See also* CrR 4.2(g), para. 6(p) (form for statement of defendant on plea of guilty, containing notice of sex offender registration requirement).

out that Clark was notified in writing of the registration requirement at the time of sentencing.

The trial court ruled that Clark's motion was timely because it was filed within 1 year of entry of the Judgment and Sentence. The court also determined that Clark should be permitted to withdraw his guilty plea because notification of the registration requirement was "critical" to a voluntary plea. Report of Proceedings (Dec. 12, 1991), at 39; Report of Proceedings (Jan. 9, 1992), at 2 (hearing on state motion for reconsideration).

Accordingly, the trial court allowed Clark to withdraw his guilty plea. This timely appeal followed.

## DISCUSSION

### I

### Timeliness of Motion

A motion to withdraw a guilty plea is governed by CrR 7.8, if the motion is brought after judgment has been entered. *See* CrR 4.2(f). The trial court relied on CrR 7.8(b)(1) in determining that Clark's motion was timely. That subsection includes as reasons to grant relief from a judgment: "Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order[.]" CrR 7.8(b)(1). A motion brought under CrR 7.8(b)(1) must be made "within a reasonable time" and "not more than 1 year after the judgment . . . was entered or taken", and must also comply with the time limitations of RCW 10.73.090.[2]

■ ■ Clark's motion to withdraw his guilty plea was made within 1 year of entry of judgment. Thus, there was no violation of the ultimate time limitations of CrR 7.8(b)(1) or

---

[2]RCW 10.73.090 provides in relevant part:

"(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

"(2) For the purposes of this section, "collateral attack" . . . includes . . . a motion to withdraw guilty plea[.]

"(3) For purposes of this section, a judgment becomes final on the last day of the following dates:

"(a) The date it is filed with the clerk of the trial court[.]"

RCW 10.73.090. Nevertheless, the State argues that Clark's motion was not brought within "a reasonable time". We disagree. *See State v. Brand*, 65 Wn. App. 166, 170-71, 828 P.2d 1 (CrR 7.8(b) must be read in conjunction with RCW 10.73.090, which overrides inconsistent provisions in court rules and gives defendants 1 year to file petition or motion for collateral attack on a final, valid judgment and sentence; therefore, a "reasonable time" to challenge judgment and sentence pursuant to CrR 7.8(b)(1) is 1 year), *rev'd on other grounds*, 120 Wn.2d 365, 370, 842 P.2d 470 (1992).

Accordingly, we affirm the trial court's determination that Clark's motion was timely.

## II
### Voluntariness of Guilty Plea

■ In order for a guilty plea to be voluntary, a defendant must be informed of all of the direct consequences of the plea. CrR 4.2(d); *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980). A defendant need not be informed of all possible collateral consequences of the plea. *Barton*, 93 Wn.2d at 305; *see, e.g., State v. Olivas*, 122 Wn.2d 73, 98, 856 P.2d 1076 (1993) (mandatory DNA testing of sex offenders is a collateral consequence of the crime). The difference between a direct and collateral consequence is whether the consequence "represents a definite, immediate, and largely automatic effect on the range of the defendant's punishment". (Citations omitted.) *Barton*, at 305.

■ After the trial court's ruling in this case, the Washington Supreme Court decided that the sex offender registration requirement is a collateral consequence of pleading guilty to a sex offense. *See State v. Ward*, 123 Wn.2d 488, 513-14, 869 P.2d 1062 (1994). In light of *Ward*, the fact that Clark was not given written notification of the sex offender registration requirement at the time he entered his guilty plea did not render his plea involuntary or otherwise violate his due process rights. Accordingly, we reverse the trial court's determination that notification of the registration requirement is "critical" to a voluntary plea.

## III
### Remedy for Violation of Notification Statute

There remains the question of the appropriate remedy for a violation of the notification requirements of RCW 10.01.200. In *Ward*, the Supreme Court admonished that its opinion was not to be construed to mean that RCW 10.01.200 may be ignored. *Ward*, 123 Wn.2d at 515.[3]

The purpose of both the registration requirement and the notification requirement is to aid law enforcement's effort to protect the community, investigate sex crimes and apprehend sex offenders, who the Legislature has found "often pose a high risk of reoffense". Laws of 1990, ch. 3, § 401; *see also* Laws of 1991, ch. 274, § 1 ("The Legislature finds that sex offender registration has assisted law enforcement agencies in protecting their communities.").

Knowingly failing to register as a sex offender as required by RCW 9A.44.130 is a class C felony or a gross misdemeanor (depending upon the felony class of the sex offense conviction which triggers the registration requirement). RCW 9A.44.130(7).

Lack of notice of the duty to register constitutes a defense to the crime of knowingly failing to register as a sex offender — but only for the first such offense; an arrest for failure to register constitutes actual notice of the duty to register. Failure to promptly register upon the receipt of such actual notice constitutes a new offense. RCW 9A.44.130(3)(c).

Thus, the registration statute contains its own remedy for a violation of the notification statute: lack of actual notice is a defense to the first charge of knowingly failing to register as a sex offender, so that if the State cannot prove actual notice beyond a reasonable doubt, it cannot convict an unregistered sex offender who promptly registers following actual notice. The registration statute also suggests that the

---

[3] In *Ward*, the defendants were convicted before the effective date of RCW 9A.44.130 and RCW 10.01.200 so that the Supreme Court was not required to address the remedy for a violation of the notification statute. Similarly, in *State v. Olivas, supra*, the defendants were convicted prior to the effective date of the mandatory DNA testing requirement for convicted sex offenders. We note that in both cases, retroactive enforcement of the statute was allowed after actual notice.

remedy for lack of notice is to give actual notice, which then triggers the duty to register, even though belatedly. RCW 9A.44.130(3)(c).

We hold that the remedy for a violation of the notification requirements contained in RCW 10.01.200 and CrR 4.2(g), para. 6(p) is to provide actual written notice, promptly upon discovery of the oversight. Such actual notice triggers the registration requirement, in order that the purposes of the registration statute may be accomplished, even if belatedly so. *Cf. Ward*, 123 Wn.2d at 514; *Olivas*, 122 Wn.2d at 97 (retroactive enforcement allowed upon the giving of actual notice).

Here, Clark received actual written notice of the registration requirement at the time of sentencing, curing the earlier error.

Accordingly, we reverse and remand for reinstatement of Clark's guilty plea and reinstatement of the Judgment and Sentence.

GROSSE and AGID, JJ., concur.