[No. 30123-1-III.   Division Three.   January 17, 2013.]

THE STATE OF WASHINGTON, *Appellant*, v. JESSE LUNA, *Respondent*.

882

*Steven J. Tucker, Prosecuting Attorney,* and *Mark E. Lindsey, Deputy,* for appellant.

*Eric J. Nielsen* and *Christopher Gibson,* (of *Nielsen, Broman & Koch PLLC),* for respondent.

¶1 SWEENEY, J. — In *State v. Schultz,* our Supreme Court held that a sentencing court could continue a pretrial no-contact order and that it was not necessary to issue a new order following a conviction and sentence. 146 Wn.2d

540, 48 P.3d 301 (2002). Here the municipal court warned the defendant in open court that the pretrial no-contact order would remain in effect following his conviction. And the court then checked a box marked "NCO" on the judgment and sentence. The court also denied a later motion by the defendant to lift that no-contact order. The defendant violated the no-contact order but now claims that he was denied the notice required by due process of law. The superior court agreed with him and dismissed. We disagree, reverse the order of dismissal, and remand.

## FACTS

¶2 The Spokane County Municipal Court issued a pretrial no-contact order on August 17, 2010; it prohibited Jesse Luna from having contact with his wife, Sayde L. Luna. The order set out the specifics of the no-contact prohibitions and the consequences of violating it. Mr. Luna contacted his wife and assaulted her. He then pleaded guilty to fourth degree assault and violation of the no-contact order on October 12, 2010. The court sentenced Mr. Luna and explained in some detail in open court that the no-contact order would remain in effect following his conviction and the imposition of sentence. The court then entered a judgment and sentence on a preprinted form. The order had a box entitled "NCO" and the court marked the box with an "X." Right next to that box is a blank to name the person with whom Mr. Luna is to have no contact. It is blank. There is also a blank for that person's date of birth.

¶3 Mr. Luna did not complain about the judgment and sentence form. Mr. Luna later moved to have the no-contact order lifted. The municipal court judge denied his motion and told Mr. Luna that "the order is going to stay in place." Report of Proceedings (Dec. 15, 2010) at 5.

¶4 Mr. Luna again contacted and assaulted Ms. Luna at her home on December 19, 2010. The State charged Mr. Luna in superior court with violating the municipal court domestic violence protection order.

¶5 Mr. Luna moved to dismiss the charge and argued that the pretrial order entered on August 17, 2010, expired once the matter was resolved in October 2010 and that the municipal court failed to enter and serve a separate postconviction no-contact order as required by statute. The State responded that the court complied with the statutory requirements and properly extended the pretrial no-contact order at sentencing.

¶6 The superior court concluded that the postconviction no-contact order was invalid, granted Mr. Luna's motion, and dismissed the charge.

¶7 The State appeals.

## DISCUSSION

¶8 The question before the court is not whether the municipal court had authority to extend the pretrial no-contact order following Mr. Luna's conviction and sentencing. That question has been answered. *Schultz*, 146 Wn.2d 540. Clearly, the court can continue the pretrial no-contact order. The question before us is whether the simple check next to the box on the judgment and sentence marked "NCO" was sufficient to extend the pretrial no-contact order after conviction and sentencing. The State says the notation on the judgment and sentence, when taken with the municipal court's warnings in open court that the order was still in effect and the court's later rejection of Mr. Luna's efforts to have the no-contact order lifted, more than satisfied any notice requirement. Mr. Luna responds that simply checking a box labeled "NCO," without more, is not adequate notice of what he was prohibited from doing.

¶9 There is no dispute over the facts essential to our decision. Whether the court's notation on the judgment and sentence is adequate when considered with the court's oral warnings in open court is a question of law that we will review de novo. *Schultz*, 146 Wn.2d at 544.

¶10 The relevant statutory language for these no-contact orders is:

> At the time of arraignment the court shall determine whether a no-contact order shall be issued or extended. The no-contact order shall terminate if the defendant is acquitted or the charges are dismissed.

Former RCW 10.99.040(3) (2010).

> When a defendant is found guilty of a crime and a condition of the sentence restricts the defendant's ability to have contact with the victim, such condition shall be recorded and a written certified copy of that order shall be provided to the victim.

RCW 10.99.050(1).

¶11 *Schultz* is binding precedent here. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). There our Supreme Court addressed the requirements of RCW 10.99.050 and held that where a pretrial domestic violence no-contact order is followed by a conviction, the order does not automatically expire and indeed may be extended as a sentencing condition:

> We therefore conclude that, where the trial court determines at sentencing that a defendant's contact with the victim is to be restricted, RCW 10.99.050(1) may be satisfied either by entry of a new no-contact order or by the court's affirmative indication on the judgment and sentence that the previously entered no-contact order is to remain in effect.

*Schultz*, 146 Wn.2d at 547.

¶12 In *Schultz*, the trial court checked a box on the judgment and sentence that stated, "[N]o-contact order . . . to remain in effect." *Id.* And this effectively extended the pretrial no-contact order and satisfied the requirements of RCW 10.99.050(1). *Schultz*, 146 Wn.2d at 548-49. Similarly, here the municipal court simply checked a box entitled "NCO." Clerk's Papers at 11. Mr. Luna says this is not sufficient. But it is not the municipal court's notation on the judgment and sentence that provided Mr. Luna with the specifics of what he could not do. Those details (protected party, locations, duration) are provided for and in some detail in the original pretrial no-contact order.

¶13 Mr. Luna argues that the "judgment and sentence form clearly contemplates that if a post conviction no-contact order is part of the sentence, the person the defendant is restricted from contacting must be named." Br. of Resp't at 10. But that person is named—in the original no-contact order. All the court was required to do was give Mr. Luna notice that the no-contact order was still in effect. And it did that both by telling him so in open court and then noting on the judgment and sentence that a no-contact order was in effect. Mr. Luna expressed no confusion in court. He did not object that he did not understand what was prohibited. Indeed, he moved to have the no-contact order lifted. Again, the prohibited conduct was set out in the original no-contact order. The only dispute here is whether Mr. Luna was given notice that that order was still in effect. We conclude that he was, and he does not argue otherwise but instead focuses on the cryptic notation on the judgment and sentence that continued the original order.

¶14 Mr. Luna does not challenge the adequacy of the original no-contact order that the court continued. And it is that order that sets out the specifics, not the court's judgment and sentence that simply indicated that the order would remain in effect.

■■ ¶15 The problems of notice and due process have been addressed by the courts in other contexts. And those cases are helpful here. *State v. Clark*, 75 Wn. App. 827, 833, 880 P.2d 562 (1994) (actual notice triggers the requirement to register as a sex offender despite failure of the sentencing court to notify the defendant); *State v. Baker*, 49 Wn. App. 778, 781, 745 P.2d 1335 (1987) (" 'The notice given before deprivation of a significant right must be notice reasonably calculated, under all the circumstances, to inform the affected party of the pending action and afford him an opportunity to present his objections.' " (quoting *State v. Thomas*, 25 Wn. App. 770, 772, 610 P.2d 937 (1980))); *In re Sadin*, 509 F.2d 1252 (2d Cir. 1975) (actual notice satisfies due process).

¶16 The due process requirements for an information that charges a crime are also helpful guides. We "quite liberally" construe an information challenged for the first time on appeal. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992). Mr. Luna did not complain about the adequacy of the court's notice until he was charged with violating it. And there is no dispute that he had actual notice. An information need not use the exact words of the relevant statute. *State v. Kjorsvik*, 117 Wn.2d 93, 108, 812 P.2d 86 (1991). Indeed, on appeal, the elements of the crime must only appear "in any form, or by fair construction . . . in the information." *Id.* Again, there is no confusion here as to what the order continued in effect. And, most importantly, common sense and practicality are appropriate tools. *State v. Campbell*, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). Ultimately, it is difficult for us to conclude that Mr. Luna was denied due process of law by insufficient notice when the municipal court judge went on at some length to explain in open court that the original no-contact order would be continued and, after the judgment and sentence Mr. Luna now complains of, he moves to have the order set aside.

¶17 Here the court had to notify Mr. Luna that he was not to contact his wife. And, while the cryptic notation on the judgment and sentence is not ideal, there is no dispute here on appeal, nor was there any dispute in the trial court, that Mr. Luna knew he was not supposed to contact his wife based on the restrictions set out in the original no-contact order.

¶18 Under the circumstances, Mr. Luna was given more than adequate notice that a no-contact order was in effect. We reverse the court's dismissal and remand for further proceedings.

SIDDOWAY, A.C.J., and KULIK, J., concur.

Review denied at 177 Wn.2d 1010 (2013).