FILED
COURT OF APPEALS
DIVISION II

2015 MAR 31 AM 8: 35

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45044-5-II |
| Appellant/Cross-Respondent, | |
| v. | |
| D.J.C. | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

MELNICK, J. — D.J.C. pleaded guilty to one count of communication with a minor for immoral purposes. The State appealed D.J.C.'s sentence, arguing that the trial court did not have the authority to relieve D.J.C. from the obligation to register as a sex offender. D.J.C. cross-appealed, arguing that his plea was not knowing, intelligent, and voluntary because he was misinformed of a direct consequence of his plea, and he was not informed of an essential element of the crime. D.J.C. further argues that he received ineffective assistance of counsel. We reject D.J.C.'s arguments. We affirm D.J.C.'s conviction. But because the trial court erred by ordering that D.J.C. was not required to register as a sex offender, we remand to the trial court to vacate its order and enter a new order requiring D.J.C. to register as a sex offender.

FACTS

The State charged D.J.C. with rape of a child in the second degree. On May 9, 2013, the State amended the charge to communication with a minor for immoral purposes.[1]

---

[1] RCW 9.68A.090(1)

D.J.C. pleaded guilty to the amended information. D.J.C. signed a statement of plea of guilty that stated he understood he was being charged with communication with a minor for immoral purposes, "the elements of which are having a communication with another request [sic] sex." Supplemental Clerk's Papers (Suppl. CP) at 13.

At D.J.C.'s plea hearing, the trial court engaged in the following colloquy with D.J.C.:

[COURT]: [D.J.C.], did you go through this statement with [defense counsel]?
[D.J.C.]: Yes.
[COURT]: Did you understand it?
[D.J.C.]: Yes, sir.
[COURT]: Do you have any questions about it?
[D.J.C.]: No, sir.
[COURT]: Now, you are charged with communication of a minor for immoral purposes. What is your plea?
[D.J.C.]: Guilty.
[COURT]: Between November 7 of 2012 and January 7th of 2013 did you communicate with SB, who is under the age of 18?
[D.J.C.]: Yes, Your Honor.
[COURT]: Was this for immoral purposes of a sexual nature?
[D.J.C.]: Yes, Your Honor.
[COURT]: Plea of guilty is accepted.

Report of Proceedings (RP) at 3.[2]

The statement on plea of guilty also contained a paragraph stating that because of the charge, D.J.C. would be required to register as a sex offender. However, at the sentencing hearing, D.J.C. stated that he disagreed with the State's assertion that he would be required to register as a sex offender. D.J.C. argued that registration did not serve any reasonable purpose in this case. The trial court gave D.J.C. a "bonus" and ordered that he did not have to register. RP at 6. The State appeals and D.J.C. cross-appeals.

---

[2] We use initials to identify the minor victim under this court's General Order 2011–1 that states in part, "[I]n all opinions, orders and rulings in sex crime cases, this Court shall use initials or pseudonyms in place of the names of all witnesses known to have been under the age of 18 at the time of any event in the case."

2

ANALYSIS

I.   SEX OFFENDER REGISTRATION

Statutory interpretation is a question of law that we review de novo. *State v. Hirschfelder*, 170 Wn.2d 536, 541, 242 P.3d 876 (2010). Under former RCW 9A.44.140(3) (2002), a juvenile could petition the court to be relieved of the duty to register as a sex offender if he demonstrated that registration would not serve the purposes underlying the requirement for registration. However, in 2010, the legislature repealed this provision and replaced it with RCW 9A.44.143, which allows a juvenile to petition to be relieved of the duty to register 24 months after the entry of the adjudication. RCW 9A.44.143(3)(a). Under the current law, any juvenile who has been found to have committed a sex offense is required to register as a sex offender. RCW 9A.44.130. A sex offense includes communication with a minor for immoral purposes. RCW 9A.44.128(10)(d).

Here, D.J.C. committed the offense in 2012 or 2013. Therefore, when sentencing D.J.C., the trial court did not have the discretion to relieve him of the requirement to register as a sex offender. *See* RCW 9A.44.130. Registration as a sex offender is mandatory. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 808-09, 272 P.3d 209 (2012) ("For purposes of sentencing, we look to the law in effect at the time the defendant committed the current offense".); RCW 9.94A.345. The trial court erred by ordering that D.J.C. did not have to register as a sex offender.

II. KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA

Due process requires that a guilty plea be knowing, intelligent, and voluntary. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). We review constitutional challenges de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010). D.J.C. argues that he did not knowingly, intelligently, and voluntary plead guilty because he was not informed that sex registration was a direct consequence of his guilty plea, and he was not informed of the essential elements of the crime to which he pleaded guilty. The record does not support D.J.C.'s assertions.

A. Direct Consequences of the Guilty Plea

"A defendant 'must be informed of all the direct consequences of his plea prior to acceptance of a guilty plea.'" *State v. A.N.J.*, 168 Wn.2d 91, 113-14, 225 P.3d 956 (2010) (quoting *State v. Barton*, 93 Wn.2d 301, 305, 609 P.2d 1353 (1980)). In *State v. Ward*, our Supreme Court held that the duty to register is a collateral consequence of a guilty plea because it does not enhance a sentence or punishment. 123 Wn.2d 488, 869 P.2d 1062 (1994) (holding that the sex offender registration statute imposed a registration obligation on individuals convicted prior to its enactment). The Court held that the duty to register is a collateral consequence of a guilty plea because it does not enhance a sentence or punishment. *Ward*, 123 Wn.2d at 513-14. Following the decision in *Ward*, Division I of this court held that a defendant's plea was voluntary despite the fact that he was not given written notification of the sex offender registration requirement at the time he entered his guilty plea. *State v. Clark*, 75 Wn. App. 827, 831, 880 P.3d 562 (1994). The issue arose again in *A.N.J.*, where our Supreme Court declined to decide whether registration as a sex offender is a direct consequence of a guilty plea. 168 Wn.2d at 115. The Supreme Court did not rule on this issue because, although defense counsel informed the defendant that the

4

requirement could be removed at a later date, the defendant received notification that he would have to register. *A.N.J.*, 168 Wn.2d at 115.

Similar to *A.N.J.*, we need not decide whether registration as a sex offender is a direct or collateral consequence of a guilty plea because D.J.C. received notification that he would have to register as a sex offender. D.J.C. clearly received notice that a conviction or adjudication for communication with a minor for immoral purposes triggers the duty to register as a sex offender. His statement of defendant on plea of guilty contained this notification. D.J.C. acknowledged that he reviewed his statement on plea of guilty with his attorney and understood it. He signed the statement on plea of guilty.[3] Therefore, we reject D.J.C.'s argument and hold that his plea was knowing, intelligent, and voluntary.[4]

B.    Essential Elements of the Crime

A guilty plea is not voluntary unless the defendant has been informed of all the essential elements of the crime to which he is pleading guilty. *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 590-91, 741 P.2d 983 (1987). The essential elements of communication with a minor for immoral purposes are: (1) communication, (2) with a minor, and (3) for an immoral purpose. RCW 9.68A.090(1). D.J.C. argues that the trial court did not inform him of the essential elements because the statement on plea of guilty did not contain "with a minor" as an essential element of

---

[3] A strong presumption that a guilty plea is voluntary is created when a defendant completes a plea statement and admits to reading, understanding, and signing it. *State v. Perez*, 33 Wn. App. 258, 261, 654 P.2d 708 (1982).

[4] In his reply brief, D.J.C. argues for the first time that his plea was not knowing, voluntary, and intelligent because he was not provided adequate notice of the specific requirements of sex offender registration. We will not address arguments raised for the first time in reply briefs. RAP 10.3(c). However, if the trial court fails to provide written notice to any defendant of RCW 9A.44.130's registration requirements, the remedy is not to allow a defendant to withdraw his or her guilty plea, but rather to provide actual notice of the registration requirement. *Clark*, 75 Wn. App. at 829.

the crime; the State concedes this error. However, the record as a whole demonstrates that D.J.C. was informed that with a minor was an essential element of the crime. Therefore, we reject the State's concession. *See State v. Rodriguez*, 183 Wn. App. 947, 950, 335 P.3d 448 (2014) (rejecting the State's concession).

The record establishes that D.J.C.'s statement on plea of guilty incorporated the amended information by reference. Suppl. CP at 13 ("And I have been given a copy of the charge(s)"). That pleading contained all of the essential elements of the crime. In addition, prior to accepting D.J.C.'s guilty plea, the trial court specifically asked D.J.C. if he "communicat[ed] with SB, who is under the age of 18." RP at 3. D.J.C. responded that he did. Therefore, the record belies D.J.C.'s assertion that he was unaware that "with a minor" was an essential element of the crime to which he was pleading guilty. We reject the State's concession.

The court and the pleadings notified D.J.C. of the consequences of his guilty plea and all of the essential elements of communication with a minor for immoral purposes. Thus, D.J.C.'s guilty plea was knowing, intelligent, and voluntary.

III.    INEFFECTIVE ASSISTANCE OF COUNSEL

D.J.C. argues that he received ineffective assistance of counsel because his counsel failed to inform him of the direct consequences of his guilty plea and failed to inform him of all the essential elements of the crime. We review claims of ineffective assistance of counsel de novo. *A.N.J.*, 168 Wn.2d at 109. To prevail on an ineffective assistance of counsel claim, the defendant must show that defense counsel's performance was deficient and he was prejudiced by defense counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984). To show prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

Here, the record indicates that D.J.C.'s counsel relied on former RCW 9A.44.140(3) (2002) when he argued to the trial court that registration did not serve any reasonable purpose in this case. Based on an objective standard of reasonableness, counsel should have known that sex offender registration is mandatory following a conviction for communication with a minor for immoral purposes. However, as discussed above, D.J.C. was informed he would have to register because the statement on plea of guilty clearly stated that communication with a minor for immoral purposes triggered the duty to register as a sex offender, and D.J.C. acknowledged reading and understanding the statement. And, we have held that the remedy for not being told of the duty to register is to subsequently provide such notice. *Clark*, 75 Wn. App. at 829.

D.J.C. has not demonstrated that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Therefore, he fails to demonstrate prejudice. Because D.J.C. cannot demonstrate prejudice, his ineffective assistance of counsel claim fails.

We affirm D.J.C.'s conviction, and remand to the trial court to vacate its order and enter a new order requiring D.J.C. to register as a sex offender.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.