[No. 15790-0-II.   Division Two.   July 25, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD ACHESON, *Appellant.*

*Valla M. Wagner,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Barbara L. Corey-Boulet, Deputy,* for respondent.

HOUGHTON, J. — Donald Acheson, a juvenile who pleaded guilty to first degree child molestation, appeals a trial court order notifying him he is required to comply with the Sex Offender Registration Act (Act). We affirm.

## FACTS

On December 3, 1991, Acheson, age 14, pleaded guilty to one count of child molestation in the first degree. In his guilty plea statement, he acknowledged that he had sexual contact with a 3-year-old girl in March 1991. At the disposition hearing, over the objection of defense counsel, the court entered a sexual offender disposition order notifying him that he is required to comply with the Sex Offender Registration Act. He now appeals that order.

## ANALYSIS

### A

### Applicability of RCW 9A.44.130

Acheson contends that the Act was not intended to apply to juveniles under the jurisdiction of juvenile court. Our purpose in interpreting a statute is to ascertain and give effect to the intent of the Legislature. *In re Chorney,* 64 Wn. App. 469, 476, 825 P.2d 330 (1992). This intent is determined primarily from the language of the statute itself. *Chorney; Washington Pub. Util. Dists'. Utils. Sys. v. PUD 1,* 112 Wn.2d 1, 6, 771 P.2d 701 (1989). Where the language of

the statute is free of ambiguity, the statute will be held to mean exactly what it says, and rules of construction will not be applied. *Clarke v. Equinox Holdings, Ltd.,* 56 Wn. App. 125, 130, 783 P.2d 82, *review denied,* 113 Wn.2d 1001 (1989).

Washington's sex offender registration statute, RCW 9A.44.130, provides in pertinent part:

> (1) Any adult or juvenile residing in this state who has been found to have committed or has been convicted of any sex offense shall register with the county sheriff for the county of the person's residence.

> (2) The person shall provide the county sheriff with the following information when registering: (a) Name; (b) address; (c) date and place of birth; (d) place of employment; (e) crime for which convicted; (f) date and place of conviction; (g) aliases used; and (h) social security number.

Acheson's argument focuses on the meaning of "sex offense", which for purposes of the sex offender registration statute means "any offense defined as a sex offense by RCW 9.94A.030." RCW 9A.44.130(6). RCW 9.94A.030(29)(a)-(c) defines "sex offense" as:

> (a) A felony that is a violation of chapter 9A.44 RCW or RCW 9A.64.020 or 9.68A.090 or that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

> (b) A felony with a finding of sexual motivation under RCW 9.94A.127; or

> (c) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Acheson also focuses on the terms "convicted" and "conviction". He argues that the Legislature did not intend to require that juveniles register because juveniles cannot be "convicted" of anything and juveniles cannot commit a "felony", only an "offense".

Acheson also relies on the court's ruling in *In re Frederick,* 93 Wn.2d 28, 604 P.2d 953 (1980) as support for his contention that he has no duty to register as a sex offender pursuant to RCW 9A.44.130. The *Frederick* case involved a juvenile who was charged with and pleaded guilty to first degree escape. The statute defining first degree escape,

RCW 9A.76.110, requires that the defendant escape while being "detained pursuant to a conviction of a felony". The court reviewed the definitions of "serious offender" and "offense" as set out in the Juvenile Justice Act of 1977, RCW 13.40, and it reviewed RCW 9A.04.040(1), which provides that a felony is one of the classes of crime. The court also reviewed RCW 13.04.240, which reads:

> An order of court adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime.

The *Frederick* court found that these provisions illustrate that a juvenile has not committed a crime, including a felony, when the juvenile has committed an offense, defined in RCW 13.40.020(15) as "an act designated . . . [as a] crime if committed by an adult". Thus, the court concluded:

> [s]ince Frederick, a juvenile offender, could not be convicted of a felony he also could not be "detained pursuant to a conviction of a felony," an essential element of first-degree escape. RCW 9A.76.110(1). Accordingly, he cannot be guilty of first-degree escape.

*Frederick*, 93 Wn.2d at 30.

■ Here, our review of the language of RCW 9A.44.130 leads us to conclude it was the Legislature's intent that the statute apply to juveniles under the jurisdiction of the juvenile court. Contrary to Acheson's assertion, RCW 9A.44.130 does not require that the defendant be convicted of a felony. Instead, the language of the statute requires, in the disjunctive, registration by "[a]ny adult or *juvenile* residing in this state *who has been found to have committed* **or** has been convicted of *any sex offense* . . .". (Italics and boldface ours.) RCW 9A.44.130(1). The Juvenile Justice Act of 1977 defines sex offense as "an offense defined as a sex offense in RCW 9.94A.030", RCW 13.40.020(24), and RCW 9.94A.030 includes the offense committed by Acheson.

*Frederick* is readily distinguishable from this case. Unlike the first degree escape statute, RCW 9A.44.130 is not limited to defendants convicted of a felony. Rather, RCW 9A.44.130 plainly includes juveniles who have been found to

have committed a sex offense, and Acheson acknowledged in his guilty plea that he committed a sex offense by having sexual contact with a 3-year-old.

In sum, RCW 9A.44.130 includes juveniles under the jurisdiction of the juvenile court, for it uses the term "conviction" to mean both "adult convictions and *juvenile adjudications* for sex offenses". (Italics ours.) RCW 9A.44.130(3)(a). Accordingly, we hold the court properly ordered Acheson to comply with the requirements of the sex offender registration statute.

## B

### Juvenile Court Jurisdiction

Acheson further contends that even if the sex offender registration statute applies to juveniles under the jurisdiction of the juvenile court, a juvenile cannot be ordered to comply with the Act beyond the juvenile's 21st birthday.

Generally, the jurisdiction of the juvenile court ends when a youth becomes 18, unless, prior to that birthday, jurisdiction has been extended pursuant to law. *State v. Bushnell,* 38 Wn. App. 809, 811, 690 P.2d 601 (1984). The juvenile court does not have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's 21st birthday. RCW 13.40.300(3).

However, a juvenile's duty to register as a sex offender arises pursuant to the legislative mandate of RCW 9A.44.130, rather than by order of the sentencing court. The sex offender registration statute contains no language requiring the sentencing court to order a defendant to comply with the duty to register. The court is simply required to give written notice of the duty to register pursuant to RCW 10.01.200, which provides:

> The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of RCW 9A.44.130. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

Additional evidence that the duty to register as a sex offender arises pursuant to the legislative mandate of RCW

9A.44.130, rather than a court order, is found in subsection (3)(a)(iv) of the statute. This provision requires out-of-state sex offenders who move to Washington to register in accordance with the registration requirements regardless of whether or not they are under the jurisdiction of the Department of Corrections, the Indeterminate Sentence Review Board, or the Department of Social and Health Services at the time of moving to Washington.

Furthermore, subsection (7) of RCW 9A.44.130 makes it a crime to knowingly fail to register as a sex offender. Thus, because the duty to register is an independent statutory duty, it is not terminated by the cessation of juvenile court jurisdiction at age 21. The only termination of the duty arises under RCW 9A.44.140, whereby a sex offender may petition to be relieved of the duty to register.

Affirmed.

MORGAN C.J., and SEINFELD, J., concur.