[No. 13998-1-III. Division Three. September 17, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v.
DANNY L. MUNDS, *Appellant*.

490

*Danny L. Munds*, pro se.

*Thomas A. Metzger, Prosecuting Attorney*, for respondent.

SCHULTHEIS, A.C.J. — Danny L. Munds, a convicted child molester, petitioned the Pend Oreille County Superior Court to be relieved of the duty to register as a sex offender. The court denied his petition and he appeals. Mr. Munds contends he cannot lawfully be required to register because the registration requirement (1) was never a part of his original judgment and sentence, and had it been, he would not have pleaded guilty; (2) applies only to offenders under some form of supervision, and when he was released, he was not under supervision; and (3) is unconstitutional. We affirm.

On January 11, 1990, Mr. Munds pleaded guilty to one count of first degree child molestation, committed in August 1989.

On February 23, 1990, both bodies of the Washington Legislature passed Second Substitute Senate Bill 6259 requiring anyone convicted of a sex offense to register with the local county sheriff. On February 28 the Governor signed the bill into law. LAWS OF 1990, ch. 3, §§ 402, 408, 1406. The registration requirement, codified at RCW 9A.44.130-.140, took effect that same day. RCW 18.155.902(1). RCW 10.01.200, enacted in conjunction with the sex offender registration statute and taking effect at the same time, states:

> The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of RCW 9A.44.130. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

On April 12, 1990, judgment was entered on Mr. Munds's guilty plea and he was sentenced under the special sexual offender sentencing alternative, RCW 9.94A.120, to 27 months' confinement, with 21 months suspended and 6 months on work release status, and 24 months' community supervision upon release. He was also ordered to undergo and satisfactorily complete a sexual offender treatment program, as well as treatment for his alcoholism. The judgment and sentence did not contain notice of the sex offender registration requirement.

On July 9, 1990, the State filed a violation report alleging Mr. Munds had not registered as a sex offender under the new law. On July 24 the State moved the court to advise Mr. Munds of the registration requirement. A hearing on the motion was set for August 2. On advice of counsel, Mr. Munds initially refused to sign the registration. In a letter addressed to Mr. Munds, counsel explained their position:

> Our argument is simply that it was never a part of your Judgment and Sentence, and it was never recorded in your Judgment and Sentence at the hearing.
>
> I suggest we refuse to sign the Registration, based on the

fact that the law required that it be a part of the Judgment and Sentence and had we known this, we would never have entered a plea.

On August 2, however, Mr. Munds signed a statement indicating the registration requirements had been explained to him and agreeing to comply. According to Mr. Munds he was forced to sign the statement because he was threatened by his attorney and a corrections officer, and he did not want to jeopardize his imminent release.

On October 10, 1991, the State petitioned the superior court for revocation of the suspended sentence. The court granted the petition at the conclusion of a revocation hearing held March 18-19, 1992. The court found Mr. Munds was not amenable to treatment and was at high risk to reoffend. Mr. Munds appealed, and this court affirmed by unpublished opinion filed April 14, 1994.

On May 28, 1993, when he was released from confinement, he signed another acknowledgment of the registration requirements and agreed to comply.

On March 14, 1994, Mr. Munds filed in the superior court a petition/motion to relieve him of the sex registration requirement. On April 7 the court denied the motion. The court found RCW 9A.44.140 authorizes the relief requested, but that Mr. Munds failed to make the requisite evidentiary showing. Citing *State v. Ward*, 123 Wn.2d 488, 869 P.2d 1062 (1994), the court rejected Mr. Munds's contention the registration law violates the constitutional prohibition against ex post facto laws. Mr. Munds filed an appeal, then a motion for discretionary review by this court. Our commissioner ruled the matter is appealable of right.[1]

█ RCW 9A.44.140 permits a person having a duty to

---

[1]After the commissioner ruled he could appeal as a matter of right, Mr. Munds moved to supplement the record with additional documents consisting primarily of handwritten notes made by his companion Kay Kenyon. We deny the motion to supplement because the additional evidence does not meet the six criteria of RAP 9.11(a). *See Harbison v. Garden Valley Outfitters, Inc.*, 69 Wn. App. 590, 849 P.2d 669 (1993).

register under RCW 9A.44.130 to petition the superior court to be relieved of that duty. The statute provides, however, that (except under circumstances not applicable in this case) the court may grant the petition "only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330." Mr. Munds made no such showing and the court did not err by denying his petition. Our analysis does not end here, however. Underlying each argument in Mr. Munds's pro se brief is his contention that he never had and does not now have a duty to register.

■■ Mr. Munds first argues he cannot be required to register because the registration requirement was not a condition of his original judgment and sentence. He asserts a judgment and sentence is a contract between the convict and the State; therefore, the convict cannot be made to do anything that is not specified in the contract. He is mistaken. A judgment and sentence is not a contract; it is a formal declaration that an individual has been found guilty of a criminal offense and a declaration of the punishment being imposed. Moreover, the duty to register as a sex offender arises pursuant to legislative mandate, rather than by order of the sentencing court. *See State v. Acheson*, 75 Wn. App. 151, 155, 877 P.2d 217 (1994).

■ Nevertheless, the State was required by statute to include notice of the registration requirement in the sentence and judgment, RCW 10.01.200, and it failed to do so.[2] Division One has decided the appropriate remedy for violation of the notification requirements of RCW

[2]Mr. Munds's assertion that he would not have pleaded guilty had the State disclosed the registration requirement in the judgment and sentence is not credible because he entered his guilty plea seven weeks before the registration law was enacted. In any event, failure to advise a sex offender of his duty to register at the time of his guilty plea is not reversible error because registration is only a collateral consequence of the plea. *State v. Ward*, 123 Wn.2d 488, 512-15, 869 P.2d 1062 (1994). Nor is it reversible error to fail to include in the plea agreement form notification of a collateral consequence that was not then in existence. *Id.*

10.01.200 is to provide actual written notice promptly upon discovery of the oversight. *State v. Clark*, 75 Wn. App. 827, 832-33, 880 P.2d 562 (1994). Noting the Supreme Court admonished that its opinion in *Ward* was not to be construed to mean that RCW 10.01.200 may be ignored, the court observed the registration statute (1) makes lack of notice a defense to the crime of knowingly failing to register and (2) suggests by its own terms the remedy for lack of notice is to give actual notice, which then triggers the duty to register. *Clark*, 75 Wn. App. at 832-33; RCW 9A.44.130; *see Ward*, 123 Wn.2d at 514.

We agree that actual notice is the appropriate remedy. Given the Supreme Court's rulings that the duty to register is not punishment and can constitutionally be applied retroactively, *Ward*, 123 Wn.2d at 510-11, *Clark* promotes the public safety purpose of the registration requirement while safeguarding an offender's due process rights. Here, the State's failure to include notification of the registration requirement in the judgment and sentence was cured by promptly notifying Mr. Munds when the oversight was discovered. His duty to register was triggered at that time.

■ Mr. Munds next argues the law does not apply to him because he was not under supervision when he was released. Again he is mistaken. Since its enactment, the law has consistently required registration by any person residing in the state who has been convicted of a sex offense. RCW 9A.44.130. When it took effect, the statute defined "sex offense" to include offenders who committed an offense before February 28, 1990, if the person as a result of the offense is under the custody or active supervision of the department of corrections or the department of social and health services on or after February 28, 1990. Former RCW 9A.44.130(5)(b). The law clearly applies to Mr. Munds. Subsequent amendments have established registration deadlines according to various factors including whether the convict is in custody or under supervision, but the changes do not relieve Mr. Munds or any other sex offender of the duty to register. LAWS OF 1991, ch. 274, § 1; RCW 9A.44.130; *Ward*, 123 Wn.2d at 511 n.8.

■ Mr. Munds finally argues the registration requirement violates various state and federal constitutional provisions, including (a) prohibitions against ex post facto laws, (b) prohibitions against double jeopardy, and (c) due process guaranties. *Ward*, 123 Wn.2d 488, forecloses Mr. Munds's constitutional challenges.

We affirm.

MUNSON and THOMPSON, JJ., concur.