2002-NMCA-110

59 P.3d 1268

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Zane BROTHERS, Defendant–Appellant.**

**No. 22,377.**

Court of Appeals of New Mexico.

Sept. 25, 2002.

Certiorari Granted, No. 27,739,
Nov. 21, 2002.

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, NM, for Appellee.

David Henderson, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant Zane Brothers pled guilty in 1996 to sex offenses. He received deferred sentences. He was not informed in his plea agreement or in the judgment and sentence that, once convicted, state law required him to register as a sex offender. After he successfully completed probation and the criminal charges were dismissed, a law enforcement officer told Defendant to register. Instead, Defendant filed a motion aimed at not having to register as a sex offender. The district court ordered him to register. Defendant appeals.

{2} Defendant contends (1) he could not be required to register because he was no longer convicted of a sexual offense as required by statute, (2) the district court lacked jurisdiction to order him to register after the charges against him had been dismissed, (3) the order requiring him to register violated due process because he had not been notified of the duty at any time before the expiration of his sentence, and (4) the State was estopped to require registration.

{3} We affirm but remand for the district court to quash its order requiring Defendant to register and at the same time carry out its duty to provide Defendant with written notice of his duty to register as a sex offender.

## BACKGROUND

{4} In 1996 Defendant pled guilty to two counts of criminal sexual contact of a minor (CSCM), pursuant to NMSA 1978, § 30–9–13(A)(1) (1991, amended 2001). Defendant's sentences were deferred and he was placed on supervised probation for three years. In 1998, based on the State's motion, the court ordered that Defendant be given an early satisfactory discharge from probation. Except for his right to ship, transport, possess, or receive a firearm, Defendant's civil rights were restored and the cause was dismissed.

{5} In 2000 the sheriff where Defendant lived told Defendant he was required to register as a sex offender. Pursuant to NMSA 1978, § 31–20–9 (1977), Defendant filed a motion in the criminal case to dismiss all charges against him based on his satisfactory completion of the terms and conditions of supervised probation. In 2001 the district court held a hearing for "Determination of Sex Offender Status." The court determined that Defendant's convictions for sex offenses still existed and that he had an independent duty to register as a sex offender even though the court failed to notify him of his duty in its judgment and sentence. The court also determined that equitable estoppel did not apply because there was no indication that the State ever told Defendant he was exempt from the registration requirement. The court entered an order requiring Defendant to register as a sex offender. This appeal followed.

## DISCUSSION

{6} In 1995 the Legislature passed the Sex Offender Registration Act (SORA), NMSA 1978, §§ 29–11A–1 to –8 (1995). This Act—New Mexico's version of "Megan's law"—was passed in response to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program, pursuant to which states that enact registration programs for sex offenders can obtain federal funding. 42 U.S.C. § 14071 (1994, as amended through 2000). The Act was amended in 1999 and 2000 and was then called the Sex Offender Registration and Notification Act (SORNA). NMSA 1978,

§§ 29–11A–1 to –8 (1999, as amended through 2000).

### I. The Effect of Dismissed Charges on the Registration Requirement Following Completion of a Deferred Sentence

{7} Under SORA, a sex offender was defined as "a person convicted of a sex offense on or after July 1, 1995." § 29–11A–3(A)(1) (1995). In SORA, Section 29–11A–4(B) stated: "[a] sex offender who is a current resident of New Mexico shall register with the county sheriff no later than thirty days after being released from the custody of the corrections department or being placed on probation or parole." Also under SORA, Section 29–11A–7 required that a sex offender be given written notice of his duty to register by the court in the judgment and sentence and by the corrections department at the time of release from custody.

{8} Defendant was not given notice of his duty to register as required under SORA. Defendant contends that the expiration of his deferred sentence, satisfaction of criminal liability, dismissal of the CSCM charges, and restoration of his civil rights combined to eradicate his convictions, and he therefore was no longer required to register as a sex offender. The question, therefore, is whether Defendant had a duty to register in 2001. This issue requires construction of SORNA because of the court's order in 2001 that Defendant register. We must also construe the deferred sentencing statute. We review these issues de novo. *See State v. Chorney*, 2001–NMCA–050, ¶ 4, 130 N.M. 638, 29 P.3d 538; *Bajart v. Univ. of N.M.*, 1999–NMCA–064, ¶ 7, 127 N.M. 311, 980 P.2d 94.

### A. Completion of a Deferred Sentence Does Not Eradicate a Conviction

■ {9} Defendant argues that his record was cleared, as if he had received a conditional discharge under NMSA 1978, § 31–20–13 (1994). We disagree. The statute addressing the completion of a deferred sentence, Section 31–20–9, reads: "Whenever the period of deferment expires, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime, the court shall enter a dismissal of the criminal charges." Nothing in Section 31–20–9 suggests that when a deferred sentence expires and the charges are dismissed, the conviction no longer exists. Furthermore, the court order satisfactorily discharging Defendant from probation says nothing about removing the convictions from Defendant's record.

{10} In addition, if the expiration of a deferred sentence resulted in the eradication of a conviction, a deferred sentence would be no different than a conditional discharge. We will not construe the effect of the sentences in the conditional discharge and deferred sentence statutes to be identical. If we were to do so, we would render the legislative enactment of the conditional discharge statute meaningless. *See State v. Herbstman*, 1999–NMCA–014, ¶ 11, 126 N.M. 683, 974 P.2d 177 (distinguishing a deferred sentence from a conditional discharge: "a conditional discharge order is entered without entry of an adjudication of guilt," whereas "[a] deferred sentence is entered with an entry of adjudication of guilt, but does not necessarily subject the defendant to criminal consequences").

{11} Nothing in the 1999 amendment to SORA or in *Herbstman* suggests that when a deferred sentence expires and the charges are dismissed the conviction is eradicated. *See* § 29–11A–7(A) (1999, amended 2000); *Herbstman*, 1999–NMCA–014, ¶¶ 20, 25, 126 N.M. 683, 974 P.2d 177. We hold that Defendant stands convicted of sex offenses for the purposes of registration under SORNA.

### B. The Words "Is Convicted" Under SORNA Do Not Change the Registration Requirement

■ {12} Defendant observes that SORA defined a sex offender as "a person *convicted* of a sex offense on or after July 1, 1995." § 29–11A–3(A) (1995) (emphasis added). SORNA, he observes, redefined a sex offender as "a resident of New Mexico who *is convicted* of a sex offense in New Mexico." § 29–11A–3(A)(1) (2000) (emphasis added). Defendant perceives this change to be significant, and argues that the "is convicted" lan-

guage in SORNA did not apply to him at the time he was notified he should register as a sex offender. We are not persuaded.

{13} Defendant compares the words "is convicted" to statutory language requiring the court to find that a child is currently neglected in order to terminate parental rights. *See In re Doe*, 98 N.M. 367, 370, 648 P.2d 1180, 1183 (Ct.App.1981), *rev'd on other grounds*, 98 N.M. 198, 647 P.2d 400 (1982) (interpreting NMSA 1978, § 40–7–4 (1977, repealed 1985)). He argues that, just as a court terminating parental rights must find that a child "is neglected," a court must find that a person "is convicted"—i.e., has a present conviction—in order to classify him or her as a sex offender. We are not persuaded that a conviction is a temporal circumstance like neglect, or that it becomes a past event that is somehow no longer relevant due to completion of a deferred sentence.

{14} When construing the meaning of a statute to determine legislative intent under the plain-meaning rule, "[i]t is the responsibility of this Court to search for and effectuate the purpose and object of the underlying statutes." *State v. Johnson*, 2001–NMSC–001, ¶ 6, 130 N.M. 6, 15 P.3d 1233. The purpose of SORNA "is to assist law enforcement agencies' efforts to protect their communities" by requiring sex offenders to register in the county in which the sex offender lives, by requiring the establishment of a central registry of sex offenders, and by providing public access to such information. § 29–11A–2(B) (1999). The phrase "is convicted," is taken directly from 42 U.S.C. § 14071(a)(1)(A). SORNA requires sex offenders to register for a period of either ten or twenty years, depending on the offense. *See* § 29–11A–4(H) (2000). We see no basis on which to conclude that the Legislature intended the phrase "is convicted" to somehow limit the registration of sex offenders to the duration of their sentences.

{15} We determine that "is convicted" in Section 29–11A–3(A)(1) applies to convicted sex offenders whose charges are dismissed at the completion of deferred sentences. Accordingly, we hold that the district court order granting Defendant an early discharge from his supervised probation and dismissing the charges did not eradicate Defendant's convictions. Thus Defendant is a sex offender as defined in Section 29–11A–3(A)(1) (2000).

## II. The District Court's Jurisdiction and Authority to Order Defendant to Register

{16} Defendant argues that the district court altered the judgment and sentence by requiring him to register and had no jurisdiction or authority to do so. The issues are whether SORNA confers jurisdiction on the district court to hold the type of hearing it did and to take action under SORNA, and whether the court had authority to order Defendant to register.

{17} Whether a court has subject-matter jurisdiction is a legal question that we review de novo and which can be raised for the first time on appeal. *See Herbstman*, 1999–NMCA–014, ¶ 8, 126 N.M. 683, 974 P.2d 177. Whether the court acted contrary to law is also a question we review de novo. *See State v. Padilla*, 2002–NMSC–016, ¶ 18, 132 N.M. 247, 46 P.3d 1247.

{18} Defendant initiated the district court proceeding by filing a motion in the criminal case to dismiss all charges against him. Several hearing notices stated the nature of the hearing was "To Determine Sex Offender Status." Defendant's sex offender status was, without objection, the subject of the hearing he initiated. Defendant was or certainly should have been prepared for the sex offender status issue.

{19} SORA required a court to "provide a sex offender adjudicated guilty in that court with written notice of his duty to register pursuant to the provisions of [SORA]" and to include that notice in the judgment and sentence. § 29–11A–7(A) (1995). The 2000 amendment added specific requirements[1] of

---

1. These requirements are:
    (1) to register with the county sheriff for the county in which the sex offender will reside,

pursuant to the provisions of the Sex Offender Registration and Notification Act;

which the court is to inform sex offenders in a written notice. *See* § 29–11A–7(A) (2000). SORNA also explicitly provides criminal penalties for sex offenders who willfully refuse to comply with the registration requirement. *See* § 29–11A–4(I) (2000). Thus it confers criminal jurisdiction on the district court to hear cases brought by the State when a sex offender has either willfully failed to register or has provided false information when registering. *See* § 29–11A–4(I), (J) (2000).

{20} SORNA has a remedial purpose, namely, to protect communities from sex offenders. *See* § 29–11A–2(B) (1999) (stating purpose of SORNA is "to assist law enforcement agencies' efforts to protect their communities"); *Femedeer v. Haun*, 227 F.3d 1244, 1249 (10th Cir.2000) (stating intent of Utah legislature in creating registration requirement was remedial); *Commonwealth v. Miller*, 787 A.2d 1036, 1040 (Pa.Super.Ct.2001) (stating purpose of registration requirement was to promote public safety); *cf. Equity Plus Consumer Fin. & Mortgage Co. v. Howes*, 116 N.M. 151, 153, 861 P.2d 214, 216 (1993) (stating truth in lending act is remedial because its purpose is to protect borrowers). Generally, remedial statutes are to be read broadly. *Rodman v. N.M. Employment Sec. Dep't*, 107 N.M. 758, 761, 764 P.2d 1316, 1319 (1988); *cf. Armijo v. Dep't of Health & Env't*, 108 N.M. 616, 618, 775 P.2d 1333, 1335 (Ct.App.1989) (holding that remedial statutes must be interpreted in light of intended purposes).

{21} Moreover, there is a "broad grant of jurisdiction vested in the district courts." *In re Extradition of Martinez*, 2001–NMSC–009, ¶ 8, 130 N.M. 144, 20 P.3d 126 (noting that N.M. Const. art. VI, § 13, states that "[t]he district court shall have original jurisdiction in all matters and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law," including the "power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition and all other writs, remedial or otherwise in the exercise of their jurisdiction").

{22} The duty to register arises by legislative mandate, not by court order. *See State v. Acheson*, 75 Wash.App. 151, 877 P.2d 217, 220 (1994). SORNA requires the court to give notice, not to order a defendant to comply with SORNA. *See id.* The duty to register is an independent statutory duty with a remedial purpose and is not terminated by dismissal of criminal charges. The court retains jurisdiction to give the notice it is required to give. *See id.*

{23} Defendant draws our attention to *State v. Lara*, 2000–NMCA–073, 129 N.M. 391, 9 P.3d 74, which held that the district court lacked jurisdiction to enter an order for unsatisfactory discharge from probation following satisfactory completion of probation and suspended sentence. *Id.* ¶¶ 11, 12. Defendant argues that based on *Lara* the court had neither jurisdiction nor authority to order him to register. Reliance on *Lara* is misplaced. While in the present case Defendant's criminal liability for the crimes may have been satisfied, his duty to register continued. And while the court may not have had authority to require Defendant to register, the court had the authority as well as the duty to give Defendant notice of the registration requirement. The district court did not reopen the underlying criminal case. It did not alter Defendant's judgment or sentence. The court was acting within the broad scope of its jurisdiction and of the SORNA remedial legislation.

{24} We hold that the district court had continuing jurisdiction to resolve the question of Defendant's sex offender status under SORNA, and was authorized after the criminal charges were dismissed to give Defen-

(2) to report subsequent changes of address pursuant to the provisions of the Sex Offender Registration and Notification Act;

(3) to notify the county sheriff of the county he resides in if the sex offender intends to move to another state and that the sex offender is required to register in the other state, pursuant to the provisions of the Sex Offender Registration and Notification Act; and

(4) to read and sign a form that indicates that the sex offender has received the written notice and that a responsible official, designated by the chief judge for that judicial district, has explained the written notice to the sex offender.

§ 29–11A–7(A) (2000).

dant written notice as set forth in Section 29–11A–7(A) (2000). However, because the statute contains a legislative mandate that sex offenders register, the court was not authorized to order Defendant to comply with the registration requirement. If Defendant refuses to register, the State may bring criminal charges against him for willful failure to register.

### III. Due Process and Estoppel

#### A. Due Process

{25} Defendant contends that the imposition of a duty to register violates due process because he was not notified of the duty at the time he entered his guilty plea or at any subsequent time and not until three years after the cause was dismissed. Whether a defendant's right to procedural due process has been violated is a legal question we review de novo. *State v. Palmer*, 1998–NMCA–052, ¶ 4, 125 N.M. 86, 957 P.2d 71.

{26} Defendant mainly contends that due process requires a court to enforce a plea agreement as it is written once the agreement is approved, citing *State v. Mares*, 118 N.M. 217, 880 P.2d 314 (Ct.App.1994), *rev'd on other grounds*, 119 N.M. 48, 888 P.2d 930 (1994), for the proposition that due process requires enforcement of a court-approved plea agreement. Thus, he argues that, because his plea agreement contained no requirement that he register, based on contract principles, the agreement should be enforced as not requiring him to register. Defendant also argues that he must be warned in the plea agreement regarding the consequences of his plea. We are not persuaded.

{27} First, Defendant's reliance on *Mares* is misplaced. At issue in *Mares* was enforcement of express terms in the agreement, not reading into the agreement a right (*e.g.*, not to register) allegedly necessarily implied as a result of the omission of a requirement (*e.g.*, to register). *Id.* at 220–21, 880 P.2d at 317–18. In the present case, Defendant cannot point to any express requirement in the plea agreement to be enforced. In this case, the terms of the plea agreement were honored because, in return for his plea, Defendant received deferred sentences, was placed on supervised probation, and had three counts of CSCM dismissed. Imposition of the registration requirement consequence did not violate the plea agreement or Defendant's due process rights.

{28} Second, the duty to register is legislatively mandated. It is not negotiable in a plea agreement. *See People v. McClellan*, 6 Cal.4th 367, 24 Cal.Rptr.2d 739, 862 P.2d 739, 748 (1993) (In bank) (holding that "registration is not a permissible subject of plea agreement negotiation"). Nor is the judgment and sentence a contract; "it is a formal declaration that an individual has been found guilty of a criminal offense and a declaration of the punishment being imposed." *State v. Munds*, 83 Wash.App. 489, 922 P.2d 215, 217 (1996). The absence of the duty to register in the plea agreement does not give rise to a contract or estoppel defense that relieves one of the duty to register.

{29} Third, Defendant raises due process but he seeks no remedy that this Court has the authority to grant in this case. He does not seek to set aside the plea agreement (a remedy we do have the authority to grant). Thus, even were a plea agreement on a sex offense subject to attack where a defendant has not been warned of the registration consequence of his plea, Defendant did not attack the voluntariness of his plea. He in fact specifically argued to the district court that he was not seeking to withdraw his plea. *See McClellan*, 24 Cal.Rptr.2d 739, 862 P.2d at 751 (Kennard, J., dissenting) (stating the remedy for failure to include the registration requirement in the plea agreement could not be specific performance, but would be withdrawal of the guilty plea because a statutorily mandatory consequence is non-negotiable). Rather he seeks an order stating that he does not have to register, a remedy that, in this case, we have no authority to grant. Further, even were the district court's failure to give notice to Defendant to have constituted non-constitutional error, the error would be harmless in this case. *See Alvarez v. State*, 63 S.W.3d 578, 581–83 (Tex.App.2001) (holding harmless error as to court's failure to inform the defendant upon a guilty plea of the registration requirement, since there was no evidence the defendant was unaware of

the consequences of the plea or that he was misled or harmed by any court's statements).

{30} Last, Defendant analogizes notice in a plea agreement of the requirement to register with notice in a plea agreement of immigration consequences. He states, "[e]ven though deportation is not a criminal punishment, as a practical matter this legal consequence must be covered [in the plea agreement] given its potential impact on the decision to plead guilty." Defendant cites no authority for this contention. Nor does he argue the point any further. We therefore will not address the point. *See State v. Nysus*, 2001–NMCA–102, ¶ 30, 131 N.M. 338, 35 P.3d 993. Furthermore, as we indicate elsewhere in this opinion, Defendant's due process argument fails because the only remedy he seeks is one he cannot legally obtain under the circumstances.

## B. Estoppel

{31} Defendant claims that he relied upon his understanding of the plea agreement in entering his plea and complied with the conditions of probation. He also claims that he rebuilt his life in his community based on his understanding of the consequences of the plea. Arguing that he would be severely prejudiced if he were required to register at this time, Defendant asserts equitable estoppel principles should be applied to prevent the State from requiring that he register as a sex offender. "Estoppel is rarely applied against the State and then only in exceptional circumstances where there is a shocking degree of aggravated and overreaching conduct or where right and justice demand it." *Wisznia v. N.M. Human Servs. Dep't*, 1998–NMSC–011, ¶ 17, 125 N.M. 140, 958 P.2d 98.

{32} As to the party to be estopped, the elements of estoppel applicable in this case are:

(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with,

those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts.

*Mem'l Med. Ctr., Inc. v. Tatsch Constr., Inc.*, 2000–NMSC–030, ¶ 9, 129 N.M. 677, 12 P.3d 431 (internal quotation marks and citation omitted). The party claiming estoppel must prove his own lack of knowledge of the truth, and must also prove detrimental reliance. *Id.*

{33} The district court determined that "[t]here is no record that the State ever promised [Defendant] was exempt from the registration requirement." Implicit in this finding is that the State did not misrepresent or conceal facts in order to secure a plea agreement. No evidence of fraud, concealment, or overreaching conduct exists in the record. Defendant does not assert fraud, concealment, or overreaching conduct. Further, although SORNA requires that the district court give a sex offender written notice of the registration requirement, SORNA does not require that a plea agreement contain notice of the requirement.

{34} Last, even were Defendant able to prove detrimental reliance, he cannot overcome the fact that a legislative mandate placed him on notice at the time of his convictions that he was required to register. We do not view the circumstances in this case as exceptional, as amounting to aggravated and overreaching conduct, or as crying out for the application of estoppel based on notions of right and justice. Consequently, we hold that the district court did not abuse its discretion in refusing to apply estoppel. *See Amkco, Ltd. v. Welborn*, 2001–NMSC–012, ¶ 8, 130 N.M. 155, 21 P.3d 24 (stating that we review a court's decision to grant or deny equitable relief for abuse of discretion).

## CONCLUSION

{35} The district court had jurisdiction after judgment and sentence to determine Defendant's sex offender status. Furthermore, the court retained authority to rule that Defendant was required to register and

to give notice to Defendant of his duty to register. We remand for the district court to give Defendant written notice as required in Section 29–11A–7(A) (2000). Because SORNA does not authorize or require the court to order Defendant to register, we remand for the district court to quash its order requiring Defendant to register. Once Defendant is given the proper notice, the State may proceed against him criminally if he fails to register as required by statute.

{36} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and IRA ROBINSON, Judges.