This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **No. 35,514**

**AGAPITO JOSEPH ARAUJO,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Hanratty Law Firm
Kevin J. Hanratty
Artesia, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      The State appealed an award of presentence confinement credit to Defendant, arguing that the credit granted to Defendant was in excess. [DS 3] We issued a

calendar notice proposing to reverse and remand for recalculation of Defendant's presentence confinement credit. Defendant responded by filing a timely memorandum in opposition, which we have duly considered. Unpersuaded, we reverse and remand to the district court for recalculation.

{2}     In the notice, we set out our understanding of the relevant sequence of events. To reiterate, Defendant committed the crime of larceny on or about July 9, 2015, in Lincoln County. [RP 34] On August 6, 2015, Defendant was incarcerated in Eddy County for an unrelated probation violation. [DS 3; RP 75] On September 2, 2015, with respect to the larceny, a warrant for Defendant's arrest was issued by Judge Ritter, including a hand-written note that the bond would be a $5000 unsecured bond. [DS 2; RP 32, 99] On September 23, 2015, Defendant had his first appearance in Lincoln County Magistrate Court before Judge Vega. [DS 2; RP 29] On that day, Defendant signed a document stating that he was released as to "this case only" on an "[u]nsecured [a]ppearance [b]ond in the amount of $5,000 set by District Judge Ritter[.]" [RP 30] Defendant entered a guilty plea to the larceny offense on February 19, 2016. [RP 58] On March 16, 2016, Defendant was released from the Eddy County Detention Center. [DS 3; RP 75] On March 25, 2016, Defendant turned himself into the Lincoln County Detention Center, with respect to the larceny. [DS 3; RP 82] Defendant's memorandum in opposition does not specifically dispute any of these

operative facts. We will proceed accordingly, accepting these facts as true. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Defendant's memorandum in opposition generally challenges the facts set forth in the docketing statement, without specificity. [MIO 5] The memorandum in opposition says: "The prosecutor's post-sentence assertion that the probation violation is different form [sic] the instant charge is challenged. There is no proof of [the] same." [MIO 5] However, Defendant does not offer his own version of the facts and he fails to assert the specific basis for his contention. We therefore perceive no basis for error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement).

{4}     The tape log notes of the presentment hearing indicate that the district court stated: "The court does not feel that justice allows me to assume that [Defendant] thought he was released on the first appearance. The court awards 6 months and 15 days of [presentence] confinement credit." [RP 82] The docketing statement states that the district court granted presentence confinement credit from September 2, 2015 to

April 8, 2016, with the exception of the period from March 16 through 25, 2016. [DS 3] The judgment and sentence states that Defendant received presentence confinement credit from September 2, 2015 to February 19, 2016, and postsentence confinement credit from February 20, 2016 to March 16, 2016, as well as from March 25, 2016 to the day he arrived at the Department of Corrections. [RP 112] Based on the fact that the docketing statement stated that Defendant was given credit until April 8, 2016, [DS 3] we understand Defendant to have arrived at the Department of Corrections on April 8, 2016. Our notice observed that the credit granted to Defendant appeared to be excessive because Defendant was released on an unsecured bond. To the extent that he was not held on the larceny count, even though he was in custody in relation to a different case, he was not entitled to presentence confinement credit. [CN 3–4]

{5}    We understand Defendant's memorandum in opposition to make three general arguments: first, that the prosecutor in this case made a judicial admission that "Defendant [was] held continuously due to this case," which Defendant reasonably relied upon; [MIO 2] second, that the State improperly failed to identify how the issue was preserved below; [MIO 4] and third, that sentencing is a matter within the district court's discretion. [MIO 6]

{6}    We turn first to Defendant's argument regarding estoppel. Defendant states that the prosecutor made a judicial admission that "Defendant [was] held continuously due

4

to this case." [MIO 2] Defendant references a quotation from the prosecutor, made at the plea hearing and sentencing. [RP 90, 97] Our reading of the transcript of the plea hearing does not support Defendant's contention. The prosecutor provided background to the district court that the warrant was served on Defendant in the instant larceny matter on September 2, 2015, and Judge Ritter set a $5,000 unsecured bond. [RP 97] The prosecutor then stated that "[Defendant] has been held continuously since this, though, however, Your Honor, due to this case being a -- the basis for a probation violation in that prior felony that's mentioned in the supplemental criminal information portion of it." [RP 97] Viewed in its entirety and in context, this statement merely reflected that Defendant had been held continuously since the unsecured bond was posted in the larceny case *because of the unrelated probation violation in Eddy County*. As such, this statement could not have been reasonably relied upon by Defendant as any sort of admission to entitlement to presentence confinement credit. We therefore reject the estoppel argument. *See generally State v. Brothers*, 2002-NMCA-110, ¶ 32, 133 N.M. 36, 59 P.3d 1268 (setting forth the elements of estoppel).

**{7}** Defendant's memorandum in opposition additionally states that Defendant and his attorney reasonably relied on this representation in calculating how much time Defendant would have to serve when and if he entered his guilty plea. [MIO 3]

5

Because the statement was made during the plea hearing itself, and Defendant and his attorney did not have an opportunity to discuss anything the prosecutor said, [RP 99] it would have been more appropriate for Defendant's attorney to have discussed these matters with Defendant prior to the plea hearing.

**{8}** Second, Defendant argues that the State failed to identify how each issue was preserved. [MIO 4] Specifically, Defendant says that if the State wanted to take the position that "no good time credit would be given for concurrently running sentences or overlapping sentences then [the State] should have given [] a heads up to the Defendant[.]" [MIO 5] As an initial matter, Defendant does not explain, and we do not understand, how either "good time credit," pursuant to the Earned Meritorious Deductions Act, or concurrent sentencing, are relevant to the instant case. *See* NMSA 1978, § 33-2-34 (2015). The State's argument on appeal is that because Defendant was released on an unsecured bond in one case, while he was confined in another, he could not earn presentence confinement credit in the case for which he was released on bond. [DS 3] The transcript of the plea and sentencing hearing reflects that the State *did* argue this before the district court, specifically contending that Defendant should get only three weeks of presentence confinement credit, between September 2 and 23. [RP 99]

**{9}** Third, and finally, we understand Defendant to argue that sentencing is a matter

6

within the district court's discretion. [MIO 6] *See State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768 ("In imposing a sentence or sentences upon a defendant, the [district court] is invested with discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature."), *abrogated on other grounds by State v. Laguna*, 1999-NMCA-152, 128 N.M. 345, 992 P.2d 896. However, the instant matter pertains to whether or not Defendant was granted the appropriate amount of presentence confinement credit pursuant to statute. *See State v. Facteau*, 1990-NMSC-040, ¶ 3, 109 N.M. 748, 790 P.2d 1029 (wherein our Supreme Court explained that pursuant to NMSA 1978, Section 31-20-12 (1977), "*presentence* confinement credit [is permitted] only if the sentence was a direct result of the felony committed"); *see also State v. Romero*, 2002-NMCA-106, ¶ 13, 132 N.M. 745, 55 P.3d 441 (explaining that the three *Facteau* factors are applicable where "a defendant has been involved in separate sentencing proceedings rather than a single sentencing proceeding," and the pertinent question before the court was "whether the defendant would be given credit for both time that was part of the regular sentence in the prior case and time for the presentence credit in the subsequent case"). Upon application of the three factors set forth in *Facteau*, our notice suggested that Defendant was entitled to presentence confinement credit between September 2 and

23, 2015, as well as from March 25 to April 15, 2016. Defendant does not argue that our analysis is in error, but merely points out that *Facteau* is inapplicable because there was no judicial admission by the prosecutor, nor an issue of estoppel in that case. [MIO 3] However, as described above, we reject Defendant's estoppel argument. We are therefore unpersuaded that *Facteau* is meaningfully distinguishable.

{10}     In sum, Defendant has not pointed to any error in the analysis set forth in our notice of proposed summary disposition. We therefore reverse and remand for recalculation of Defendant's presentence confinement credit. We further suggest that the district court explicitly set forth the relevant dates, timeline, and legal principles it deems relevant in its recalculation of Defendant's presentence confinement credit.

{11}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**J. MILES HANISEE, Judge**